IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL C. LAFACE,<br><br>   Plaintiff,<br><br> -vs-<br><br>KILOLO KIJAKAZI,[1]<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Civil Action No. 20-1375 |

AMBROSE, Senior District Judge

**OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 13 and 17). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14 and 18). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 13) and granting Defendant's Motion for Summary Judgment. (ECF No. 17).

**I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Paul Kovac, held a hearing on May 2, 2019. (ECF No. 10-2, pp. 39-65). On June 5, 2019, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 10-2, pp.11 -22).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 13 and 17). The issues are now ripe for review.

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.   Alternating Sit/Stand Option

Plaintiff argues that the ALJ "failed to provide sufficient articulation of the basis of his finding concerning Plaintiff's ability to alternate sitting and standing, warranting remand." (ECF No. 14, p. 9). Here, the ALJ found Plaintiff had the residual functional capacity ("RFC")[2] to perform sedentary work with certain exceptions including, *inter alia,* that Plaintiff "must have the ability to alternate to standing for 5 minutes after every 25 minutes of sitting" and "the ability to alternate to sitting for 5 minutes after every 25 minutes of standing and walking…." (ECF No. 10-2, p. 16). Plaintiff submits that the ALJ failed to explain how he arrived at this alternating pattern or how it was supported by the record. (ECF No. 14, pp. 9-12). As a result, Plaintiff submits that remand is warranted. *Id.*

After a review of the decision as a whole, I disagree. The ALJ discussed Plaintiff's back pain and leg issues. (ECF No. 10-2, pp. 17-19). Additionally, the ALJ credited Plaintiff's

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a

3

allegations that he could not sit for long before changing positions as he noted in both his testimony and in the Function Report completed by Plaintiff wherein he indicated he walked every day for 20 minutes and sits for 20 minutes.  (ECF No. 10-2, pp. 17-18).  Moreover, contrary to Plaintiff's assertion otherwise,[3] the physical therapy records referenced by the ALJ noted that Plaintiff could walk 20 minutes and that Plaintiff consented to a goal of walking 30 minutes and standing for 20 minutes.  (ECF No. 10-2, p. 17; No. 10-9, pp. 119-120).  Consequently, the decision is not devoid of explanation as Plaintiff suggests.  Rather, the ALJ partially credited Plaintiff's allegations and testimony and crafted an RFC based on the same and the record as a whole.  After a review of the record, I find that I am able to sufficiently discern the basis for the ALJ's opinion regarding Plaintiff's ability to sit / stand and walk such that I am able to make a proper and meaningful review.  I further find that it is based on substantial evidence.  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).  Thus, I find no error in this regard and remand is not warranted.

       An appropriate order shall follow.

---

[3] While Plaintiff points to evidence that he believes supports his position that he is more limited as it relates to his ability to sit and stand, this is not the standard of review. To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).
> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance.  *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims.  *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016).  Thus, the question before me is whether substantial evidence supports the ALJ's findings.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL C. LAFACE, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Civil Action No. 20-1375 |
| KILOLO KIJAKAZI,[4] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 11th day of January, 2022, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 13) is denied and Defendant's Motion for Summary Judgment (ECF No. 17) is granted.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[4] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

5